**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>*Plaintiff*,<br><br>v.<br><br>SEAN KELLY,<br><br>*Defendant.* | Civil Action No. 22-cv-584<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Fritz Gerald Toussaint seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, D.E. 1-1, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff asserts a claim against Sean Kelly and the Town of Kearny[1] for violation of his equal protection rights. D.E. 1 at 2. He does not provide any detail as to how his rights were allegedly violated. Plaintiff merely states that he "suffered irreparable harm." *Id.* at 3.

While not explicitly stated, Plaintiff appears to assert Section 1983 claims against Defendants. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*See* 42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). For purposes of this screening, the Court assumes that Defendants are state actors.

---

[1] Plaintiff does not provide any information about Sean Kelly aside from his name and street address. Additionally, Plaintiff does not indicate in which state the Town of Kearny is located. The Court assumes that Plaintiff brings a claim against the Town of Kearny, New Jersey.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV. To state an equal protection claim, a plaintiff must allege facts showing that (1) he was a member of a protected class; (2) he was similarly situated to members of an unprotected class; and (3) he was treated differently than the members of the unprotected class. *Oliveira v. Twp. of Irvington*, 41 F. App'x. 555, 559 (3d Cir. 2005). Plaintiff has not alleged any of these elements much less plausible facts to support them. Thus, Plaintiff fails to state a claim and his Complaint must be dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

Accordingly, and for good cause shown,

**IT IS** on this 13th day of May 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.